# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HOWARD BROWN, #274-797 | : |
| Petitioner | : |
| v. | : Civil Action No. WDQ-07-1263 |
| KEN HORNING, WARDEN  and  THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : : |
| Respondents | : ..o0o.. |

## **MEMORANDUM**

Before the court is a pro se motion for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by Howard Brown.[1] The petition will be dismissed without prejudice for lack of jurisdiction.

BACKGROUND

On September 24, 1998, Brown pleaded guilty to second degree murder in the Circuit Court for Anne Arundel County. On January 13, 1999, the court sentenced Brown to thirty years imprisonment. On November 4, 2003, Brown filed his first petition for federal habeas corpus relief in this court to challenge his conviction and sentence. *See Brown v. Peguese*, Civil Action No. WDQ-03-3192. On April 14, 2004, this court dismissed the petition as time-barred.[2]

---

[1] At the time the petition was filed, Brown was incarcerated at the Maryland Correctional Training Center. Presently, he is incarcerated at the Roxbury Correctional Institution. As such, the proper party respondent is Roderick Sowers, Warden of the Roxbury Correctional Institution.

[2] The court has received correspondence requesting appointment of counsel for Brown from Sharon Gosnell, who identifies herself as Brown's mother. Ms. Gosnell does not appear to be a member of the bar nor otherwise have standing to request counsel for Mr. Brown, and she was so advised. Further, review of the pleadings and applicable law do not show that appointment of counsel is warranted in this case. *See* 18 U.S.C. § 3006A(a)(2)(B); Rule 8(c) of the Rules Governing § 2254; *Pennsylvania v. Finely,* 481 U.S. 551, 555 (1987).

DISCUSSION

The instant petition is Brown's second or successive § 2254 habeas petition challenging his second-degree murder conviction. A prisoner may file a successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application, and the circuit court has issued such an order. *See* 28 U.S.C. §2244(b)(3)(A). Brown neither claims nor demonstrates that he has obtained authorization for a second or successive petition. Consequently, this motion must be dismissed for lack or jurisdiction.[3] *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

CONCLUSION

The court lacks jurisdiction to consider the petition, and will dismiss it without prejudice An order consistent with this memorandum follows.

August 20, 2007                              /s/
Date                                         William D. Quarles, Jr.
                                             United States District Judge

---

[3] Enclosed is a form and information packet for filing for authorization for a second or successive §2254 motion in the United States Court of Appeals for the Fourth Circuit.